IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gabriel Randolph, | ) | C. A. No. 2:08-cv-02005-RSC |
| Plaintiff, | ) | |
| -versus | ) | **REPORT AND RECOMMENDATION** |
| Officer Jeffery, et. al. | ) | |
| Defendants. | ) | |

This motion for a Temporary Restraining Order is before the undersigned United States Magistrate Judge for a report with recommendations as provided for in Title 28, United States Code, Section 636(b), and the local rules of this court.

On April 16, 2009, the plaintiff herein, Gabriel Randolph, moved for a Temporary restraining Order under Rule 65 of the Federal Rules of Civil Procedure to preserve the safety and confidentiality of the plaintiff's legal documents. In addition, the plaintiff wants to ensure that his own personal well-being is protected.

Here, the plaintiff provided notice of this motion to opposing counsel in April of 2009, but opposing counsel failed to respond. On July 10, 2009, opposing counsel was ordered ten days to respond to the defendant's motion. On July 27, 2009, the defendants responded by opposing the motion for injunctive relief arguing that the plaintiff failed to adequately meet the elements under the four-part balancing test. Nevertheless, the plaintiff has failed to prove evidence of irreparable injury which is necessary to

support a request for a temporary restraining order. Accordingly, it is recommended that the motion be denied.

Preliminary injunctions are remedies that are only granted sparingly and in limited circumstances. <u>MicroStrategy Inc. v. Motorola, Inc.</u>, 245 F. 3d 335, 341 (4th Cir. 2001). The requirements for granting preliminary relief are well known. In <u>Direx Israel Ltd. v . Breakthrough Medical Corp.</u>, 952 F. 2d 802, 811 (4th Cir. 1991), the Fourth Circuit Court of Appeals outlined the precise analytical framework courts must employ in determining whether to grant preliminary relief. First, the party requesting preliminary relief must make a "clear showing" that he will suffer irreparable harm if the court denies his request. <u>Id.</u> at 812-13. Second, if the party establishes irreparable harm, "the next step then for the court to take is to balance the likelihood of irreparable harm to the plaintiff from the failure to grant interim relief against the likelihood of harm to the defendant from the grant of such relief." <u>Direx Israel</u>, 952 F. 2d at 812. Third, if the balance tips decidedly in favor of the party requesting preliminary relief, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." <u>Id.</u> at 813. However, "if the balance does not tip decidedly there must be a strong probability of success on the merits." <u>Id.</u>

Fourth, the court must evaluate whether the public interest favors granting preliminary relief. The award of preliminary relief is entrusted to the sound discretion of the district court. Id. at 811. <u>Multi-Channel Tv Cable Company v. Charlottesville Quality Cable Operation Company</u>, 22 F. 3d 546, 551 (4th Cir. 1991).

Irreparable harm is defined as "an injury for which a monetary award cannot be adequate compensation." <u>Jackson Dairy Inc. v. H. P. Hood & Sons, Inc.</u>, 596 F. 2d 70 (1979). "The key word in this consideration is 'irreparable'." Mere injuries, however substantial, terms of money, time and energy necessarily expended in the absence of stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Sampson v. Murray</u>, 415 U. S . 61 (1974) (quoting <u>Virginia Petroleum Jobbers Assoc. v. Federal Power Comm'n</u>, 259 F. 2d 921, 925 (D.C. Cir. 1958)).

Here the plaintiff alleges that he will suffer irreparable harm if the temporary restraining order is denied, but fails to explain how he will be injured. The plaintiff alleges that he is suffering from duress, but fails to indicate how this will result in irreparable harm. Also, the plaintiff alleges the possibility of wrongful disposal of legal documents such as his Motion to Compel, but simply a possibility does not give rise to irreparable harm.

3

The plaintiff's conclusory argument that he will suffer irreparable injury if interim relief is denied, is insufficient to "clearly show" he will suffer irreparable injuries if interim relief is denied as required by Rule 65. The plaintiff failed to articulate a claim of irreparable injuries.

Accordingly, it is recommended that the motion be denied.

Respectfully Submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August 20, 2009

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).