IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| Gabriel Randolph, | ) | |
|---|---|---|
| | ) | C/A No. 1:08-3492-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Officer Jeffery, Sgt. C. Williams, Officer Ben Outlaw, and Captain Miller, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Gabriele Randolph is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Perry Correctional Institution in Pelzer, South Carolina. Plaintiff, proceeding pro se, filed a complaint in the Court of Common Pleas for the County of Greenville, South Carolina, alleging, among other things, that Defendants had violated his constitutional rights in various respects. Defendants removed the action on October 14, 2008 on the basis of federal question jurisdiction.

This matter is before the court on motion for summary judgment filed by Defendants on October 23, 2009. By order filed October 26, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on November 9, 2009.

Also before the court is Plaintiff's motion for preliminary injunction, which motion was filed on October 29, 2009. Defendants filed a response in opposition to Plaintiff's motion on November 16, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On August 3, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion for summary judgment be granted and that Plaintiff's motion for preliminary injunction be denied. Plaintiff filed objections to the Report and Recommendation on August 24, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth in the Report and Recommendation. Briefly, Plaintiff was showering when he was instructed by Defendant William to shave his chin hair. Plaintiff declined to do so. Defendant William informed Plaintiff that he would be subjected to a use of force shave. Plaintiff was placed in restraints and seated in a restraint chair. Plaintiff commenced moving his head while a law enforcement officer attempted to shave his chin. Plaintiff alleges that Defendant Jeffery put his arm around Plaintiff's neck and began to choke him. According to Plaintiff, Defendant Jeffery pulled back on Plaintiff's neck, lifting him from the restraint chair and causing him to lose consciousness. Plaintiff alleges that Defendants William and Outlaw witnessed the incident but did

nothing to stop Defendant Jeffery. Plaintiff further alleges that he was denied medical treatment subsequent to the incident. See generally Compl. 4, ECF No. 1-1.

A video of the use of force shave was recorded and submitted to the court, along with Defendant's medical records. The medical records demonstrate that Alan H. Van Heusen, R.N. observed the forced shave. According to Van Heusen,

> During the haircut the IM spit and was totally uncooperative. When the haircut was finished Capt was having him placed in the restraint chair. During the haircut the IM yelled he was being cocked [*sic*] and from my advantage [*sic*] point, could see the officer had a very appropriate chin hold on the IM, not on his neck. When being placed in the chair in his room, he fought and hit is head on the wall. I then checked his restraints in the chair which I had his wrist cuffs loosened slightly. Chest, ankle, feet, waist were then all appropriately placed. His circulation was adequate to all extremities. Asked if there were any other problems and he did not answer so I took it as he was ok. He was awake, alert and aware of his surroundings and situation.

Defs.' Mot. Summ. J., Exh. 3, ECF No. 60-5.

## II. DISCUSSION

Plaintiff contends that the Magistrate Judge erred in granting Defendants' motion for summary judgment. According to Plaintiff,

> The plaintiff only genuine issue of material fact was the video tape of the January 26, 2007. By review video tape defendant William hand was on the plaintiff chin and head but where defendant Jeffery hand was at? Defendant Jeffery hand was not on the plaintiff chin or head.
>
> The nurse Van Heusen seen and hear plaintiff yell he being coke, but all he see is a chin hold which defendant William was hold his chin and head, but where is defendant Jeffery hand around plaintiff neck pull him out of the restraint chair. Defendant Jeffery hand wasn't behind his back during this time when plaintiff yell out "I'm be choke!" which medical record conspired with defendant's when nurse didn't report what really happen.
>
> Two Question (1) I ask this court where is defendant Jeffery hand? and (2) Why the plaintiff body lift out of the restraint chair by his neck?

This is violation of the 8th Amendment.

Objections to Report and Recommendation 1, ECF No. 81.

The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly reviewed the record and observed the videotape of the use of force shave about which Plaintiff complains. The determination of whether an Eighth Amendment violation has occurred through the use of excessive force in the prison context "'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm.'" United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). The court can discern no foundation in the record for a finding that the restraint used on Plaintiff during the use of force shave was not applied in good faith. Plaintiff's objection is without merit.

Plaintiff filed no objections to the Magistrate Judge's recommendation that Plaintiff's motion for preliminary injunction be denied. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court finds that the Magistrate Judge properly determined that preliminary relief is inappropriate. See Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365 (2008) (holding that to obtain injunctive relief, a plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence

of relief; (3) the balance of equities tips in his favor, and (4) injunctive relief is in the public interest); Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009).

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated, Defendants' motion for summary judgment (ECF No. 60) is **granted**. Plaintiff's motion for preliminary injunction (ECF No. 67) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 10, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**